IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**NANCY GOLD,**

    Plaintiff,

vs.                                         Civ. No. 99-1137 DJS/WWD

**RICK GRIEGO, et al.,**

    Defendants.

## ORDER

    **THIS MATTER** comes before the Court on Defendant Board of County Commissioners of San Miguel County's Motion to Dismiss Vicarious Liability Claims under the New Mexico Tort Claims Act filed January 6, 2000. (Docket No. 16). Defendant moves for dismissal of Count VI of Plaintiff's Amended Complaint on the grounds of governmental immunity. Specifically, Defendant argues that the acts of Defendants' Griego and Martinez were not within the scope of their duties. Thus, pursuant to the New Mexico Tort Claims Act, the Defendant Board of County Commissioners cannot be vicariously liable for the acts of Defendants Griego and Martinez. Defendant's Motion is well taken and will be granted.

    Plaintiff filed her Amended Complaint on November 9, 1999. She alleges in late 1996 she was a pretrial detainee at the San Miguel County Detention Center. She claims that Defendant Griego sexually assaulted her several times. She further claims that

1

Defendant Martinez assisted Defendant Griego in the assaults.  In Count V of the Amended Complaint, Plaintiff alleges that Defendant Board of County Commissioners of San Miguel County is vicariously liable for the torts committed by Defendants Griego and Martinez.

In ruling on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and take the allegations asserted in the complaint as true.  See Scheuer v. Rhodes, 416 U.S. 232, 236(1974).  The court should not a grant a motion to dismiss for failure to state a claim unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Therefore, "the issue is not whether a plaintiff will ultimately prevail but whether claimant is entitled to offer evidence to support the claims."  Scheuer, 416 U.S. at 236.

The New Mexico Tort Claims Act, NMSA 1978 Secs. 41-4-1 to 41-4-27 (1976), provides governmental entities and public employees acting in their official capacities with immunity from tort suits. However, the act waives immunity "against its entities and employees acting within the scope of the duty for enumerated unintentional torts and for certain intentional torts by law enforcement officers." Bishop v. John Doe I, 902 F.3d 808, 810 (10th Cir. 1990). Unless the conduct of the employee was within the

scope of his duties, there is no waiver of immunity. See Rivera v. New Mexico Highway & Transp. Dept., 115 N.M. 562, 563, 855 P.2d 136, 137 (Ct. App.), cert. denied, 115 N.M. 545, 854 P.2d 872 (1993). Thus, the Board of County Commissioners cannot be held liable unless the actions of Defendants Griego and Martinez were within the scope of their duties.

It is important to this analysis to understand the justification for imposing vicarious liability. When the "employment causes the tort", it is fair to hold the employer liable. Medina v. Fuller, 126 N.M. at 460, 463, 971 P.2d at 851, 854 (Ct. App. 1998)

> Because it is unjust to exonerate a business from responsibility for injuries occurring in the course of its characteristic activities, an employee's scope employment is determined by ascertaining whether the risk involved was typical or broadly incidental to the enterprise undertaken by the employer. Where the employee's conduct has substantially deviated from his or her duties, it is unjust to hold the employer liable. Thus, it is necessary to determine the main purpose of injury-producing activity: If it was the pursuit of the employee's personal ends, the employer is not liable. Id. at 363, 971 P.2d 854. (Citations omitted).

This policy and rationale has been extended to governments. Id.("The weight of authority and sound public policy require government to incur the cost of the risks incidental to its activities in maintaining public safety.")

To determine if the officer's conduct is within the scope of his duties, the Court will look to the statutory language of the Tort Claims Act and the common law test of "scope of employment."

Medina v. Fuller, 126 N.M. 460, 971 P.2d 851 (Ct. App. 1998). The outcome under either analysis is the same.

The Tort Claims Act defines "scope of duties" as "any duties which a public employee is requested, required or authorized to perform by the governmental entity, regardless of the time and place of performance." See NMSA 1978 Sec. 41-4-3(f). The principle duty of correctional officers is to hold in custody persons who are charged with crimes committed in New Mexico, while they are awaiting indictment or trial. See NMSA 1978 Sec. 33-3-13. Correctional officers are also required to keep jail facilities "clean and healthy", to "observe special care as to the personal cleanliness of all prisoners under their charge," and to supply prisoners with food. NMSA 1978 Secs. 33-3-5, 33-3-6. As a matter of law, these statutory duties to do authorize or permit a correctional officer to commit sexual assaults upon a detainee. Though Plaintiff argues that Defendant Griego was permitted to do so, this is still not sufficient. "Permitted," as used in the Medina case, was a written policy by the Department. There are no well-pled factual contentions that the County permitted the sexual assaults. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). To the contrary, Plaintiff has plead that individual Defendants did "nothing to institute and enforce procedures and regulations designed to protect females from sexual predation by SMDCD employees." Plaintiff's Amended Complaint, Para. 25.

In analyzing this issue under common law the court looks to case law and the New Mexico Uniform Jury Instructions (UJI). The Court of Appeals formulated a four-part test to determine whether an employee's conduct is within the scope of employment:

> An employee's action, although unauthorized, is considered to be in the scope of employment if the action (1) is of the kind the employee is employed to perform; (2) occurs during a period reasonably connected to the authorized employment period; (3) occurs in an area reasonably close to the authorized area; and (4) is actuated, at least in part, by a purpose to serve the employer.

Narney v. Daniels, 115 N.M. 41, 49 846 P.2d 347, 355 (Ct. App. 1992, cert. denied, 114 N.M. 720, 845 P.2d 814 (1993). This analysis requires the court to identify the unauthorized act. In this case it is a sexual assault and the assisting of a sexual assault. It can hardly be argued that a correctional officer was hired to perform a sexual assault or to assist in one. Further, such an act cannot serve in any way to further the interest of the employer.

Similarly, application of the UJI leads to the same result. UJI-13-407 provides that:

> An act of an employee is within the scope of employment if:
> 1. It was something fairly and naturally incidental to the employer's business assigned to the employee, and
> 2. It was done while the employee was engaged in the employer's business with the view of furthering the employer's interest and did not arise entirely from some external, independent and personal motive on the part of the employee.

The act of rape or assisting in a rape is not conduct incidental to the business of a detention center. And it certainly cannot be

5

argued that it further's the detention center's business.

Plaintiff attempts to define the act and conduct as something foreseeable, thus making a vicarious liability theory applicable. This is simply not the law in New Mexico. <u>Medina</u>, 126 N.M. at 462, 971 P.2d 853.

The County is not vicariously liable in tort for the alleged misconduct of its employees, Defendants Griego and Martinez, because the misconduct did not occur with the scope of these Defendant's duties within the meaning of the New Mexico Tort Claims Act.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Board of County Commissioners of San Miguel County is dismissed with prejudice.

                                        Don J. Svet
                              **UNITED STATES MAGISTRATE JUDGE**